## LESTER KERR v. THE STATE.

No. 5043.   Decided May 29, 1918.

**1.—Aggravated Assault—Charge of Court—Undue Familiarity.**

Where, upon trial of aggravated assault, the testimony for the State showed undue familiarity by defendant with the prosecuting witness, and defendant's testimony showed the absence of such intention, the court should have submitted a charge on this phase of the case as requested.

**2.—Same—Evidence—Chastity—General Reputation.**

Where the prosecuting witness claimed undue familiarity of defendant the latter should have been permitted to show prosecutrix's general reputation for want of chastity.   Following Rogers v. State, 1 Texas Crim. App., 187, and other cases.

Appeal from the County Court of Grayson.   Tried below before the Hon. Dayton B. Steed.

Appeal from a conviction of aggravated assault; penalty, a fine of one hundred dollars.

No brief on file for appellant.

*E. B. Hendricks*, Assistant Attorney General, for the State.

MORROW, JUDGE.—This is a conviction for aggravated assault with penalty of a fine of $100.

From the State's evidence it appears that appellant, a young man, while he and Bernice Bright were out riding put his arm around her. She says: "When we got out in the country about three miles Kerr stopped the car and rolled a cigarette.   I asked him what he stopped for, and he just laughed sort of a silly little laugh.   Then he put his arm around me clear around to here (indicating her right breast) and was trying to get it further around me, when I pulled away from him and jumped out of the car."   She then said she tried to get Lillian, her girl companion, to get out of the car, when appellant persuaded her to get back in the car, promising to take her home at once, which he did. It further appears from the State's testimony that this young lady, Bernice Bright, and another young married woman, Lillian Lane, had, on the afternoon of the day on which this offense is charged to have been committed, been out automobile riding with two young men, one of whom was Pat Smith.   She says that on the afternoon mentioned Smith and his companion introduced themselves to her and her companion and invited them to ride in the car with them.   That the invitation was accepted; that they went riding with the same parties that night.   In the country a short distance the car was stopped for something like twenty minutes.   Returning to town after dark, and while on the streets of Sherman they again met Smith, who got them to go riding with appellant and another party, neither of whom they knew at the time.   Smith testified for the defendant that while riding with the

prosecuting witness on the occasion mentioned that she and her companion were riding with Smith and another boy; that he, Smith, put his arm around the waist of prosecuting witness without objection from her, and he declined to state whether or not they got out of the car at the time they stopped twenty minutes out in the country. He was a friend of appellant and later the same night got the prosecuting witness and her lady companion to go riding with appellant and another boy.

Appellant denied any assault but admitted the ride, claiming that the prosecuting witness got mad because he stopped the car; that she jumped out of the car and he afterwards persuaded her to get back and brought her to town. He was a young man twenty-seven years of age. Had been married and divorced.

Appellant complains that the court refused his special charge advising the jury that if they believed from the evidence that appellant placed his arm around Bernice Bright with no intention to injure her or her feelings and had probable grounds to believe, and did believe that the act would not be objectionable to her, to acquit.

We think the circumstances surrounding the transaction were sufficient to require the court to submit the issue embodied in the special charge. Shields v. State, 39 Texas Crim. Rep., 13.

The appellant also offered to prove, and reserved a bill of exception to the exclusion of evidence that the general reputation in the community of the prosecuting witness for chastity and virtue was bad. We think this should have been received. Shields v. State, supra; Wilson v. State, 67 S. W. Rep., 106; Rogers v. State, 1 Texas Crim. App., 187; Pleasant v. State, 15 Ark., 624; State v. Roderick, 24 L. R. A. (N. S.), note p. 324, and cases cited.

Because of the errors pointed out the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*