J. L. Grace v. The State.

No. 13346.   Delivered May 14, 1930.
Rehearing granted June 4, 1930.
Reported in 29 S. W. (2d) 394.

The opinion states the case.

*T. R. Odell* and *Jeff A. Fowler,* both of Throckmorton, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, Judge.—Conviction is for aggravated assault, punishment being a fine of $25.00.

The state's attorney with this court urges that the statement of facts was filed too late, and that the record fails to show when the bills of exception were filed, if ever, in the trial court.   The state's position is correct.

The trial term of court adjourned on the 22d day of November; appellant's motion for new trial being overruled the same day.   Art.

760 C. C. P., subdivision 5 fixes the time for filing statement of facts and bills of exception under such circumstances at thirty days, unless there be an extension of time which the record fails to show. The thirty days expired on the 22d day of December. The statement of facts was filed on the 23d day of December, one day too late. (See authorities collated under Art. 760, Vernon's Ann. Tex. C. C. P., Vol. 3.)

The transcript fails to show a filing of the bills of exception at any time. Of course, under such circumstances they cannot be considered. See Pendleton v. State, 26 S. W. (2d) 240 and authorities there cited. But even if filed in proper time they could not be appraised in the absence of the statement of facts.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In connection with appellant's motion for rehearing it is shown that the bills of exception were in fact filed in the lower court within proper time, and also that the statement of facts is entitled to consideration.

We see no good to result from setting out in detail the facts, preferring to state our conclusions therefrom where necessary in discussing bills of exception.

The bill complaining of the refusal of continuance will not be considered. The question will not likely arise again, and the judgment must be reversed for other reasons.

It appears that prosecutrix was permitted to relate before the jury statements she made to her mother and others regarding the details of the alleged assault at a time so far removed from the transaction as not to be a part of the res gestae. This was error.

The alleged assault occurred on Wednesday. The mother of prosecutrix was permitted to testify over objection what prosecutrix told her in detail about the assault on Saturday following. We are not aware of any rule of law that would relieve such evidence from the rule of hearsay testimony. The general principal controlling under such circumstances will be found stated in Sec. 1784, Branch's Ann. Tex. P. C. with citation of authorities supporting the text.

The court was requested to give a special charge to the effect that if the jury believed appellant took hold of prosecutrix, or placed his arms around her without intention to injure her or her feelings, and with probable grounds to believe that such action would not

be objectionable to her, they should acquit appellant. The court omitted from his charge any instruction whatever upon the subject. Appellant's evidence pointedly raised the issue. The requested charge should have been given. Shields v. State, .39 Tex. Cr. R. 13, 44 S. W. 844; Kerr v. State, 83 Tex. Cr. R. 474, 204 S. W. 107; Ritcher v. State, 93 Tex. Cr. R. 444, 248 S. W. 373.

Appellant's motion for rehearing is granted, the judgment of affirmance set aside and for the errors pointed out the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*