## JACK FLYNN v. THE STATE.

### No. 3401.  Decided January 29, 1902.

**1.—Negligent Homicide of the Second Degree—Constituents of.**

Two of the essentials to constitute negligent homicide of the second degree are (1) a killing while the accused is in the performance of an unlawful act; (2) there must be no apparent intention to kill.

**2.—Same—Charge.**

On a trial for murder, where the evidence presents only two theories, viz., for the State, homicide on malice; for the defendant, self-defense against an apparent intent to rob; and where both theories are supported by evidence which indicates an intentional killing, it was error for the court in its charge to submit the issue of negligent homicide.

**3.—Same.**

On a trial for murder a conviction of negligent homicide is an acquittal of all the higher degrees of culpable homicide.

Appeal from the District Court of Lamar.  Tried below before Hon. Ben H. Denton.

Appeal from a conviction of negligent homicide in the second degree; penalty, a fine of $2500.

Appellant was charged by the indictment with the murder of Richard Pepper, on the 24th of August, 1901, by shooting him with a pistol.

Defendant owned a saloon and left it about 4 o'clock a. m. to go by on his way home to see a friend who was quite sick.  He had a sack of money with him which he was taking home.  Deceased was a negro porter in a saloon a short distance from defendant's saloon.  He also left his saloon a short time before the shooting and went to see a party who was going on an excursion early that morning.  The places to which the parties went were upon the same street, and on this street also lived a colored woman whom it was said defendant was keeping.  Deceased, the negro porter, was returning down this street and defendant was going up it, when, it being quite dark, according to defendant's testimony, deceased, whom he did not recognize, suddenly appeared from behind some rose bushes that were hanging over the sidewalk, and was running towards him; and that, thinking he was going to be robbed by the party, he fired his pistol at him.  That deceased fell and called to him, stating who he was.  That he went to him and assisted him back to the saloon in which he staid and sent for medical aid and told them he would pay all expenses for attention to the wounded man.  There was some testimony to the effect that defendant had threatened deceased on account of his attentions to the woman he was keeping.

*Dudley & Surgeon,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of negligent homicide in the second degree, and his punishment assessed at a fine of $2500; hence this appeal.

Appellant presents a number of assignments, but it is only necessary to discuss one; that is, does the evidence sustain the conviction for negligent homicide of the second degree? The testimony on the part of the State tended to show a homicide on malice. while that on the part of defendant tended to show a homicide committed in self-defense against an attempt to rob, or the appearance of an attempt to rob, from appellant's standpoint. Both theories, and the evidence to sustain them, indicate an intentional killing. Our statute defines negligent homicide of the second degree as a homicide committed by negligence of the party doing it, while such party was in the performance of an unlawful act, the same being within the category of misdemeanors, or, such act not being a penal offense, would give just occasion for a civil action. It also provides that the homicide must be the consequence of the act done or attempted to be done, and that there must be no apparent intention to kill. As we understand it, merely carrying a pistol, which was intentionally used to kill, could not result in negligent homicide, because, in the first place, carrying the pistol was not the proximate cause of the death, and shooting with intent to kill showed an apparent intention to kill. By way of illustration as to what would constitute negligent homicide if one should be unlawfully carrying a pistol, and carry it in such negligent manner as that it should fall from his person onto the sidewalk and would be discharged and kill a bystander, this would constitute negligent homicide, because the pistol was carried unlawfully, and so negligently as that it was discharged on a public thoroughfare where people were passing. In such case there was no apparent intention to kill. If we look to the record, as stated before, the State's theory was to the effect that appellant entertained malice toward deceased, Peppers, because the latter was interfering with a woman whom appellant was keeping. And according to its contention, the offense would have been at least manslaughter, because the shooting was not shown to have been necessary, and appellant may have been influenced in his action by terror on account of an anticipated attempt to rob him. Appellant's own evidence (and he is the only witness testifying on this point) states that he shot at deceased because he believed he was advancing on him to rob him. From either standpoint it can not be claimed there was any negligence, because there was an intention to kill. We accordingly hold that the court erred in submitting the issue of negligent homicide at all, even if it be conceded that same was properly submitted in the charge, which is not the case here. We further hold that inasmuch as appellant has been acquitted of all degrees of culpable homicide above that of negligent homicide, and the evidence showing that he is not guilty of that offense, the prosecution must be dismissed, unless the State can produce evidence showing negligent homicide.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*