## J. E. VAN ARSDALE v. THE STATE.

### No. 7102.   Decided December 20, 1923.

### Rehearing Denied April 4, 1923.

**1.—Negligent Homicide—Indictment—Second Degree.**

Where, upon trial of negligent homicide of the second degree, the information followed approved precedent, there was no error in overruling a motion to quash. Following Anderson v. State, 27 Texas Crim. Rep., 177, and other cases.

**2.—Charge of Court—Negligent Homicide—Second Degree.**

Where, upon trial of negligent homicide of the second degree, the charge of the court instructed the jury that if they believed beyond a reasonable doubt that the defendant was doing either of the things charged in the indictment at the time he overturned said automobile in the manner as described in the indictment, he would be guilty of negligent homicide in the second degree, the same was sufficient.

**3.—Same—Charge of Court—Apparent Danger.**

There is no statement of the law in the charge of the court applicable to a situation in which the danger was not apparent, but on the contrary the charge of the court as applicable to both counts submits the law in reference to a case in which the danger was apparent, and altogether the charge of the court was more favorable to the defendant than the law requires.

**4.—Same—Charge of Court—Intoxicated Condition of Defendant—Rate of Speed.**

Where, upon trial of negligent homicide of the second degree, charging defendant with driving an automobile on a public highway while he was intoxicated, and also driving said automobile on the State highway at a greater rate of speed than twenty-five miles an hour, and there was evidence to support both of these allegations, this court cannot sustain an exception to the charge of the court on the ground that there was no evidence at the time of the accident that defendant was intoxicated or was driving at a greater rate of speed than twenty-five miles per hour.

**5.—Same—Charge of Court—Reasonable Doubt—Practice on Appeal.**

It was not fundamental error to fail to charge on the law of reasonable doubt as between negligent homicide of the first and second degrees, nor need

other exceptions to the charge which presented no error be discussed. Following Powell v. State, 28 Texas Crim. App., 393, and other cases.

**6.—Same—Sufficiency of the Evidence—Negligent Homicide.**

Where, upon trial of negligent homicide of the second degree the indictment charged defendant with driving an automobile on a public highway while he was intoxicated, and also at a greater rate of speed than twenty-five miles per hour, and that in doing so by negligence he killed the deceased carelessly overturning the automobile, and the evidence supported the conviction, there was no reversible error.

**7.—Same—Rehearing—Apparent Danger—Indictment.**

Where, upon trial of negligent homicide of the second degree, by carelessly driving an automobile upon the highway, the defendant's motion to quash the indictment because it wholly failed to charge that it was apparent to any specific person, and that the law required that the indictment should charge that the danger was apparent to the defendant, *held* that the law does not require that the indictment aver that the danger was apparent to the accused, but that it is enough that the danger be apparent. Following Morris v. Sate, 35 Texas Crim. Rep., 317, qualifying Worley v. State, 89 Texas Crim. Rep., 393, 231 S. W. Rep., 391.

Appeal from the Crim. District Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of negligent homicide of the second degree; penalty, one year confinement in the county jail.

The opinion states the case.

*Rasbury, Adams, Stennis & Harrell* for appellant.—Cited cases in opinion, Worley v. State, 231 S. W. Rep., 391.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the Criminal Distirct Court of Dallas County of negligent homicide, and his punishment fixed at one year and one day in the county jail.

Miss Grace Rodgers was killed in an automobile accident on a public highway north of Dallas in Dallas County. Appellant was driving the car. The indictment contained six counts, the first, fourth and sixth of which were abandoned. The third and fifth counts charge negligent homicide of the second degree and the second, negligent homicide of the first degree. The verdict was on the form submitted as suitable in the event the jury convicted under the third and fifth counts. We will, therefore, confine our discussion to such questions as arise under the law and facts applicable to negligent homicide of the second degree.

By the terms of Arts 820h and 822c, Chapter 1, Title 13, Penal Code, Vernon's Complete Texas Statutes 1920, it is made a misdemeanor for an intoxicated person to drive an automobile upon any public highway of this State. By the terms of Art. 820-o of said

Chapter it is made unlawful for any person to drive an automobile on such highway at a greater rate of speed than twenty-five miles per hour. It will thus follow that one embraced in either class just mentioned would be engaged in an unlawful act. The third count of this indictment charges that on the date named appellant was engaged in an unlawful act, i. e., the driving of an automobile on a public highway while he was intoxicated, and that in so doing, without apparent intention to kill but while danger of death was apparent, appellant negligently and carelessly overturned said automobile and thereby caused the death of Grace Rodgers. Count No. 5 charges that appellant was engaged in an unlawful act, i. e., driving an automobile at a rate of speed greater than twenty-five miles per hour on such highway, and that so doing he killed Grace Rodgers by negligently and carelessly overturning said automobile upon her, there being no apparent intention to kill but apparent danger of causing death.

In his motion to quash the indictment appellant makes three similar grounds of attack on the third and fifth counts,—one that there is no such crime as an unlawful act,—and another that while said count charges that appellant was intoxicated while driving a car on a highway, it also charges that Grace Rodgers was killed by the overturning of said automobile, which latter is not an unlawful act;—the other ground is that it fails to allege that the danger of killing Grace Rodgers was apparent to the defendant. We uphold neither of said contentions. The two counts are identical save that one charges intoxication and the other excessive speed as that which made the act of appellant unlawful. A quotation of one count will suffice. Count No. 3 is as follows:

"And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present in and to said Court at the said term thereof, that one J. E. Van Arsdale on the 22nd day of May, in the year of our Lord One Thousand Nine Hundred and Twenty One, with force and arms, in the County and State aforesaid, was in the performance of an unlawful act, in this to-wit: 'That the said J. E. Van Arsdale was unlawfully driving an automobile upon and along the Dallas and Plano Pike, a public highway in said County and State, while intoxicated and the said J. E. Van Arsdale did then and there, while unlawfully driving said automobile while so intoxicated on said highway, kill Grace Rodgers by negligently and carelessly overturning said automobile upon and against the body and person of said Grace Rodgers, who was then and there in and occupying said automobile as a passenger therein; there being no apparent intention upon the part of the said J. E. Van Arsdale to cause the death of the said Grace Rodgers; and there being then and there apparent danger of causing the death of the said Grace Rodgers by overturning said automobile upon and against the person and

body of the said Grace Rodgers, which danger would have been known to the said J. E. Van Arsdale and avoided by him if he had used that degree of care and caution which a man of ordinary prudence would use under like circumstances.' ''

The elements of negligent homicide in the second degree thus appear to be charged, i. e., a homicide by the act of appellant; that such homicide resulted from his carelessness and negligence; the apparent danger of causing death; the lack of an intent to kill; and that at the time of such homicide appellant was engaged in an unlawful act. The count under consideration is in accord with approved forms. Wilson Criminal Forms 508; Anderson v. State, 27 Texas Crim. App. 177; Talbott v. State, 58 Texas Crim. Rep., 324; We do not think that part of said count wherein occurs the following:

''and there being then and there apparent danger of causing the death of the said Grace Rodgers by overturning said automobile upon and against the person and body of the said Grace Rodgers, which danger would have been known to the said J. E. Van Arsdale and avoided by him if he had used that degree of care and caution which a man of ordinary prudence would use under like circumstances''

imposes any unfair or illegal burden on the accused, nor is there any departure from those rules of pleading which provide that such things as are necessary to prove must be alleged. It is alleged that the danger of causing the death of Grace Rodgers was then and there apparent. This was a necessary allegation. The further statement that such danger would have been known to appellant if he had used that degree of caution and care which a man of ordinary prudence would use under like circumstances, is in the exact language of Mr. Wilson's Crim. Form above referred to, which has uniformly received the sanction of this court. No exception was taken to the introduction or rejection of any testimony on this trial. Bill of exceptions No. 1 is to the overruling of the motion to quash, which we have above discussed.

The second bill of exceptions presents to us the exceptions taken to the charge of the trial. court. We do not set out the exceptions in full but present our views of same. While the charge of the court does not in express terms state to the jury that the driving of a car on a highway by one intoxicated is an unlawful act, nor does it tell the jury that the driving of a car on the highway at a rate of speed greater than twenty-five miles an hour, is an unlawful act, still said charge does tell the jury that if they believe beyond a reasonable doubt that appellant was doing either of those things at the time he overturned said automobile in the manner as described in the indictment, he would be guilty of negligent homicide in the second degree. The charge further sets forth in this connection the other ingredients of negligent homicide, and we think it sufficient. We think the com-

plaint that the charge on the first three pages thereof fails to define an unlawful act is without merit.

The exception to that part of the charge submitting the proposition of apparent danger seems to mistake the language of said instruction. There is no statement of the law applicable to a situation in which the danger was not apparent, but on the contrary the charge as applicable to both counts, submits the law in reference to a case in which the danger was apparent. We do not deem it injurious to appellant to tell the jury that if the danger was apparent, and would have been known to appellant by the use of that degree of care, etc. We see no error in such charge, but if not technically correct the error therein would be favorable to appellant as requiring the State to show not only that the danger was apparent but also that it was such as would have been known to the appellant had he used that degree of care and caution which a man of ordinary prudence would have used under like circumstances.

We could not sustain an exception to the charge upon the ground that there was no evidence at the time of the accident appellant was intoxicated, or that he was driving at a greater rate of speed than twenty-five miles per hour, and that, therefore, the submission of such issues to the jury was erroneous. There was evidence both of the fact that appellant was intoxicated and that he was driving at such excessive speed at the time the car was overturned. In the charge the trial court grave pointed instruction that unless the jury believed beyond a reasonable doubt that at the very time of the accident appellant was intoxicated and that his intoxication was the cause of the accident as charged in the third count, or that unless they so believed that he was driving the car at a greater rate of speed than twenty-five miles per hour at the very time of the accident as charged in the fifth count, they should acquit him.

There are other exceptions to the charge which we do not discuss but in none of which do we find matters complained of that appear to us to present error. Some of the matters excepted to as being omissions in the presentation of the law seem to be covered by the main charge. It was not fundamental error to fail to charge on the law of reasonable doubt as between negligent homicide of the first and second degrees. Powell v. State, 28 Texas Crim. App. 393; Little v. State, 39 Texas Crim. Rep. 662; Edens v. State, 41 Texas Crim. Rep. 522.

It appears beyond controversy that appellant was driving the car on the occasion in question and that Miss Rodgers was an occupant of said car, and at a point on the Dallas and Plano Pike near the home of Mr. McIlvane there was a sharp curve and here appellant undertook to pass another car going in the same direction and overturned his car and that Miss Rodgers was killed. McIlvane was standing in his front door and saw the whole occurrence and went at

once to the help of the party. He testified that appellant's car was running thirty five miles an hour or better when it hit the curve and that it turned over twice. He further stated that after he got to the car appellant drank the remaining whisky in a phial which he set down by the side of the car. He further said that appellant was pretty drunk; that he would not talk or make any statement, or tell him anything about who the parties were or anything about it. Mr. Hood swore that he went out to the scene with another officer and brought appellant back to Dallas, and that in his best judgment he had been drinking. The accident occurred not far from the town of Richardson and a witness who went from said town out to the place of the accident said that it was his judgment that appellant was drinking, that he smelled whisky on his breath. This witness said he asked appellant several questions but he refused to answer. We might state that the testimony of the defense was in conflict with that above detailed but reconciliation of conflicting testimony is for the jury. We reverse on the facts only when there are none to support the judgment, or those in support thereof are so slight as to lead us to conclude that the judgment does not reflects a fair and unbiased decision. We are not led to believe that this case should be reversed on the facts.

Finding no error in the record calling for a reversal, an affirmance is ordered.

*Affirmed.*

ON REHEARING.

April 4, 1923.

MORROW, PRESIDING JUDGE.—The indictment is copied in the original opinion. In the motion for rehearing, appellant's counsel clearly states his attack upon the indictment in these words:

"May we reason with the Court on the indictment? It charges that '—there being then and there apparent danger of causing the death of the said Grace Rodgers by overturning said automobile upon and against the person and body of the said Grace Rodgers.' This wholly fails to charge that it was apparent to any specific person, but the law requires that it charge that the danger must be apparent to the appellant."

The question arises: Does the law require that the indictment aver that the danger was apparent *to the accused,* or is it enough that the danger be *apparent?* If we properly comprehend the construction given our statute on negligent homicide in the previous decisions of this court, it is not necessary that the indictment aver that the danger of death *appear to the accused.* The form of indictment for this offense is suggested by Judge Willson in his Criminal Forms, 4th Ed., p. 265, Form 508, part of which reads thus:

"* * * there being then and there an *apparent* danger of causing the death of the said C. D. by so throwing and pushing him against and upon said machinery, which danger would have been known to the said A. B. if he had used that degree of care and caution which a man of ordinary prudence would use under like circumstances."

This form of indictment was used in the case of Morris v. State, 35 Texas Crim. Rep. 317. What we deem the correct analysis of the conclusion reached by the court is stated by Mr. Branch in these words:

"Where deceased was riding in defendant's vehicle and defendant was driving his team in a furious and rapid manner he was charged with notice that his acts did endanger the life of the deceased, and it is not necessary to hinge his guilt on his consciousness that his acts were endangering the life of deceased." (Branch's Ann. Tex. Penal Code, Sec. 1896.)

Many decisions are cited by Judge Willson in his Criminal Forms in which the same form of indictment has been used.

In the statute, it is said that "there must be an apparent danger of causing the death of the person killed or some other." It is conceived that as used in the statute, the word "apparent" is synonymous with "obvious." See Century Dictionary. Such is the necessary inference from the decisions of this court. See Bertrong v. State, 2 Texas Crim. App. 161, stating the circumstances under which a conviction may take place. The examples selected by Judge Willson in preparing his forms are illustrative of this view. In other words, in the eyes of the law, the act of the accused being unlawful and the danger obvious, he is held responsible for the result in bringing about or in failing to avert the danger. The language used in the case of Worley v. State, 89 Texas Crim. Rep., 393, 231 S. W. Rep. 391, in conflict with this view, was not necessary in deciding the questions, and will be modified to accord with the conclusion expressed in this opinion.

The other matters mentioned in the motion for rehearing were properly disposed of in the original opinion. A further discussion of them is deemed unnecessary.

The motion is overruled.

*Overruled.*