N. F. SALAMY v. THE STATE.

No. 13705. Delivered March 11, 1931.
State's Rehearing Denied April 22, 1931.

466

The opinion states the case.

*F. H. McGregor,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is negligent homicide of the second degree; the punishment, a fine of five hundred dollars.

Appellant made a motion to quash the indictment on the ground that it charged no offense, the specific objection now urged being that negligence was not alleged. An inspection of the indictment discloses that the pleader contented himself with charging that appellant was in the performance of an unlawful act, that is, that he was driving an automobile in excess of 20 miles per hour on a street within an incorporated city. Nowhere in the indictment is it charged that there was negligence and carelessness on the part of appellant.

Article 1231, Penal Code, defines negligent homicide in the first degree as follows: "Whoever in the performance of a lawful act shall by negligence and carelessness cause the death of another is guilty of negligent homicide of the first degree. A lawful act is one not forbidden by the penal law and which would give no just occasion for a civil action."

Article 1239 of the Penal Code provides: "Negligent homicide of the second degree can only be committed when the person guilty thereof is in the act of committing or attempting the commission of an unlawful act."

An unlawful act is defined in Art. 1240, Penal Code, as follows:

"1. Such acts as by the penal law are called misdemeanors; and

"2. Such acts, not being penal offenses, as would give just occasion for a civil action."

Article 1238, Penal Code, reads as follows: "The definitions, rules and provisions of the preceding articles of this chapter, with respect to negligent homicide of the first degree apply also to the offense of negligent homicide of the second degree, or such as is committed in the prosecution of an unlawful act, except when contrary to the following provisions."

In Flynn v. State, 43 Texas Crim. Rep., 407, 66 S. W., 551, Judge Henderson, speaking for the court, said: "Our statute defines negligent homicide of the second degree as a homicide committed by negligence of

the party doing it, while such party was in the performance of an unlawful act, the same being within the category of misdemeanors, or, such act not being a penal offense, would give just occasion for a civil action. It also provides that the homicide must be the consequence of the act done or attempted to be done, and there must be no apparent intention to kill."

In Van Arsdale v. State, 94 Texas Crim. Rep., 169, 249 S. W., 863, Judge Lattimore used language as follows: "The elements of negligent homicide in the second degree thus appear to be charged, i. e., a homicide by the act of appellant; that such homicide resulted from his carelessness and negligence; the apparent danger of causing death; the lack of an intent to kill; and that at the time of such homicide appellant was engaged in an unlawful act."

In Harr v. State, 98 Texas Crim. Rep., 1, 263, S. W., 1055, Judge Lattimore, speaking for the court, used this language: "Four counts were submitted to the jury, each charging negligent homicide in the second degree; that is, homicide by negligence in the performance of an unlawful act."

Form No. 508, Willson's Texas Criminal Forms (4th Ed.), in charging negligent homicide of the second degree includes an allegation of negligence and carelessness. It appears from the statute and decisions construing it that the homicide must have resulted from the negligence and carelessness of the accused. It would follow that the indictment is insufficient in failing to set forth one of the statutory ingredients of the offense.

Appellant testified in his own behalf. The following charge of the court was timely and properly objected to:

"The court charges and instructs the jury that they are the sole judges of the facts in the case and the weight and credibility of the testimony given by any witness, either for the State or defense, and that they may take into consideration their interests, surroundings, or any other fact which would influence said witness in giving such testimony, either for the State or for the defense."·

In Harrell v. State, 37 Texas Crim. Rep., 612, 40 S. W., 799, a charge in substantially the same language as the foregoing was condemned by this court as being upon the weight of the evidence. Again, in Shields v. State, 39 Texas Crim. Rep., 13, 44 S. W., 844, the charge was condemned, attention being called to the fact that when the accused testifies in his own behalf the giving of the charge is reversible error.

Appellant contends that the proof is insufficient to establish the allegation that the automobile was operated on Main Street in an incorporated city, to-wit: Borger. We have some doubt as to the sufficiency of the proof to establish this allegation. However, in view of the fact that the case must be reversed, we pretermit a discussion of the question.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State has filed a motion for rehearing in which it is urged that our original opinion holding the indictment bad is incorrect. Negligence in the performance of an unlawful act is an element of the offense of negligent homicide of the second degree. If the indictment avers that the killing occurred while the accused was engaged in the commisison of a misdemeanor, omitting any averment of negligence in connection therewith, we do not think it sound to say that the statutory element of negligence can be inferentially read into the indictment. In addition to authorities cited in our original opinion we also refer to Haynes v. State, 88 Texas Crim. Rep., 42, 224 S. W., 1100. In drawing indictments the safer practice always is to follow approved precedents. Allen v. State, 97 Texas Crim. Rep., 467, 262 S. W., 502.

The motion for rehearing is overruled.

*Overruled.*