### O. E. SAGE v. THE STATE.

No. 20005. Delivered December 7, 1938.
Rehearing Denied February 8, 1939.

The opinion states the case.

*Grady L. Fox,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of the crime of negligent homicide in the second degree, and fined the sum of $300.00.

It appears that on April 5, 1938, appellant while driving an automobile on a public street in the city of Amarillo struck and broke down a telephone pole, and also struck and killed a lady, Mrs. May Southworth. Hence this trial.

It was alleged that appellant was traveling at a high and dangerous rate of speed near the intersection of two streets in said city, and that he was operating a car with defective brakes, and that while thus in violation of the law he struck and killed this lady.

Appellant's complaint of the court's charge, in our opinion, is not warranted. Twice in such charge did the court state that the want of proper care distinguishes this offense from that of excusable homicide, and that the degree of care and caution

intended was such as a man of ordinary prudence would use under like circumstances.

The testimony is abundant that appellant was negligent in operating his vehicle at a speed in excess of twenty miles per hour within the corporate limits of a city as prohibited by Art. 827a, Sec. 8, P. C. Appellant himself also admitted that he was operating his automobile without adequate brakes upon a public highway as prohibited by Art. 799, P. C. The testimony shows that a short time before the accident appellant was seen driving his automobile at a rate of speed of from forty-five to fifty-five miles per hour, and the marks upon the street, before he struck the telephone post, and before he struck the deceased, who was standing nearby, showed that he skidded his car for a distance of sixty-six feet before the impact. It seems to be plain under this testimony that the jury was authorized to conclude that at the time appellant struck Mrs. Southworth he was traveling in excess of twenty miles per hour in an automobile that was not equipped with adequate brakes. In the case of Menefee v. State, 87 S. W. (2d) 480, we said: "When a person in the performance of an unlawful act injures another, he is guilty of negligence per se, that is, as a matter of law."

In the court's charge the jury was required to find that defendant was driving an automobile at a greater rate of speed than twenty miles per hour, or that he was operating said motor vehicle without adequate brakes kept in good working order, and that the homicide was the consequence of said acts, or either of them, done by the defendant.

It seems to us that the jury had abundant proof to show that the appellant committed both of these unlawful acts, and thereby caused the death of Mrs. Southworth.

There being no error presented in the record, the judgment will be affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant again insists that the charge given was upon the weight of the evidence, relying upon the case of Haynes v. State, 84 Tex. Cr. R. 6, 204 S. W. 430, and also upon the opinion of the second appeal of the same case which is reported in 88 Tex. Cr. R. 42, 224 S. W. 1100. Upon the first appeal the judgment in the Haynes case was reversed because of the holding that the

charge then given was upon the weight of the evidence, and appellant insists that the charge in the present case is in all respects like that contained in the Haynes case (Supra). We have carefully examined the charge given upon the first trial in the Haynes case and the one given upon the trial of the instant case and we confess our inability to discover in what particular the charge here given is upon the weight of the evidence. It required the jury to believe beyond a reasonable doubt that appellant killed deceased by driving and running an automobile against her; that in so doing he acted without that degree of care and caution that a man of ordinary care and prudence would use under like circumstances; that there was no apparent intention on his part to kill deceased or any other person; that there was apparent danger of causing her death or some other person's death at the time and place; and further required the jury to believe beyond a reasonable doubt that he was operating the car at a greater rate of speed than twenty miles per hour, or was operating it without brakes kept in good working order; and further, that the killing of deceased was the consequence of the acts of appellant. We fail to see how the charge as worded required appellant to show that he was acting with due care and caution. On the contrary, it required the State to show beyond a reasonable doubt that he acted without that degree of care and caution that a person of ordinary care and prudence would have used under like circumstances.

The motion for rehearing is overruled.