CHARLES E. GARRETT v. STATE.

No. 26,536. October 28, 1953.

*C. S. Farmer,* Waco, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was charged with negligent homicide in the second degree and his punishment was fixed by the jury at confinement in the county jail for a term of 90 days.

There is only one complaint offered herein and that is relative to the complaint and information. In each instance the appellant is charged with unlawfully failing to stop after approaching a signal unit inside the city limits of Waco in said county, and thereupon he drove his automobile into one occupied by Vernon Hahn and caused the death of the said Vernon Hahn.

Appellant's main contention is that nowhere therein is it said that appellant negligently committed these acts.

In the case of Salamy v. State, 117 Tex. Cr. R. 465, 37 S.W. (2d) 1028, this court said:

"The state has filed a motion for rehearing in which it is urged that our opinion holding the indictment bad is incorrect. Negligence in the performance of an unlawful act is an element of the offense of negligent homicide of the second degree. If the indictment avers that the killing occurred while the accused was engaged in the commission of a misdemeanor, omitting any averment of negligence in connection therewith, we do not think it sound to say that the statutory element of negligence can be inferentially read into the indictment. In addition to authorities cited in our original opinion we also refer to Haynes v. State, 88 Tex. Cr. R. 42, 228 S. W. 1100. In drawing indictments, the safer practice always is to follow approved precedents. Allen v. State, 97 Tex. Cr. R. 467, 262 S. W. 502."

Because of the fact that the complaint and information failed to charge appellant with negligence, this cause is reversed and the prosecution ordered dismissed.