EDWARD ESPINOZA V. STATE

No. 27,129. November 24, 1954

*James E. Danheim,* and *Robert C. Flowers, Jr.,* Austin, for the appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is negligent homicide in the second degree; the punishment, a fine of $1,000.00.

Deputy Sheriff McCord testified that he investigated the accident shortly after it occurred in the residential section of the city of Seguin, that he found skid marks extending for a distance of 101 feet, and that the appellant stated that he had been the driver of the automobile which had hit the child.

One Wolters, who lived near the scene of the accident, testified that on the day and hour in question he had been working in his front yard; that his attention was directed to an automobile traveling at a very high rate of speed, which he estimated at 60 miles per hour, proceeding in a westerly direction; that

he heard the tires squealing and then heard people scream. He stated that the accident had occurred at the west end of a bridge and that the child's body was lying in front of the automobile.

Officer Ehrhardt testified that he investigated the accident, that the point of impact was 42 feet west of where the skid marks began, that the skid marks continued for an additional 53 feet, and that the child's body came to rest 49 feet west of the end of the skid marks.

One Goetz, who lived near the scene of the accident, testified that he observed an automobile passing his place traveling at a speed which he estimated at 60, 70 or 75 miles per hour, that he saw the appellant apply his brakes, that he heard the tires skid, and that when he arrived the child was lying in the street.

It was established by the attending physician that the child died from head injuries.

Appellant did not testify in his own behalf but offered a witness as to his reputation and a Mrs. Hurtado, who lived just west of the bridge where the accident occurred. She testified that the deceased child and his brother had been playing on the bridge for sometime prior to the accident and that during the course of their play they had hidden behind the pillars of the bridge and had run back and forth across the bridge. She testified that her attention was first directed to appellant's automobile when she heard him apply his brakes and, from her observation of what occurred after that, she would estimate that appellant had been traveling from 50 to 60 miles per hour.

Appellant's principal contention is that the evidence is insufficient to show that there was an apparent danger of causing the death of the deceased. If we understand his contention, it is that, since the state's witnesses who lived east of the bridge did not see the children prior to the accident, there was no danger apparent to the appellant, who was proceeding west.

In Woychesin v. State, 157 Texas Cr. Rep. 451, 249 S.W. 2d 203, we said: "The view we take of the evidence is that even though the State's witnesses did not see deceased in the street until immediately before the accident, this is not significant because they were under no duty to do so, while appellant was under such duty."

Be this as it may, the test in cases such as this is best expressed in Johnson v. State, 156 Texas Cr. Rep. 23, 238 S.W. 2d 766, where we said, "Whether apparent danger does, in fact, exist is not to be determined from the viewpoint of the accused, alone, but rather from the facts as a whole. Vasquez v. State, 121 Texas Cr. Rep. 478, 52 S.W. 2d 1056."

In the Vasquez case, supra, this court said:

"There would be 'apparent danger' in contemplation of article 1232, P.C., if the circumstances were such that (1) the danger at the time was 'obvious' (Van Arsdale v. State, 94 Texas Cr. R. 169, 249 S.W. 863); or (2) if an ordinary person in possession of his normal faculties, and exercising that degree of care which an ordinarily prudent person would exercise under circumstances surrounding accused, would have realized that there was danger of killing some one."

In Ladd v. State, 115 Texas Cr. Rep. 355, 27 S.W. 2d 1098, cited by the appellant, this court said:

"This court will not hold that one who operates a motor vehicle upon the public roads of this state at a rapid rate of speed per hour, and especially when meeting other vehicles, is not doing an act which is accompanied by apparent danger of causing death."

We now say this court will not hold that one who operates a motor vehicle upon the streets of a residential section of a city at the rapid rate of speed shown by the evidence above stated is not doing an act which is accompanied by apparent danger of causing death.

We find the evidence sufficient to support the conviction, and no error appearing the judgment of the trial court is affirmed.