## JIM HARRELL v. THE STATE.

*No. 1262.   Decided May 5th, 1897.*

1. **Horse Theft—Charge—Instructions—Temporary Use.**

On a trial for horse theft, where it appeared, that accused, at the time he got the horse from its range, stated that the owner authorized him to do so, and defendant himself testified, that he took the horse, and then turned him out upon the range and told the owner about it, all of which was denied by the owner, who testified in the case, and there was also testimony tending to show that defendant sold the horse.   Held: That a charge to the effect, that defendant was not guilty if he had

the owner's authority to take the horse, was insufficient, and, the requested instruction, to the effect that, if defendant took up the horse for a mere temporary use, and did not have the intent at that time to steal him, he would not be guilty, should have been given.

2. Same—Charge as to Conflicting Evidence and Weighing Credibility of Witnesses.

On a trial for horse theft, where there was a conflict in the testimony of the witnesses, and the court, after instructing them as to their duty in regard to such conflicts, further charged them, "But, in determining the credibility of the witnesses. you may consider the age, intelligence, interest in the case, apparent bias or prejudice, if any, and all other circumstances in the case," etc. Held: A charge upon the weight of the testimony. Overruling, Cockerell v. State, 32 Tex. Crim. Rep., 585; Brown v. State, 2 Tex. Crim. App., 115; Adams v. State, 20 S. W. Rep., 548 [Lancaster v. State, 36 Tex. Crim. Rep., 16, ?]; and, following, Muely v. State, 31 Tex. Crim. Rep., 155.

APPEAL from the District Court of Jones. Tried below before Hon. ED. J. HAMNER.

Appeal from a conviction for horse theft; penalty, five years' imprisonment in the penitentiary.

The opinion states the material facts in the case.

*Christenberry & Colbert*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of a horse, and given five years in the penitentiary, and prosecutes this appeal. There are but two assignments which are necessary to be considered in order to make a proper disposition of this case. These relate to the charge of the court as to how the jury were to weigh the testimony of the witnesses, and the charge of the court asked by appellant, which was refused, covering a phase of his defense. In order to a presentation of the questions involved, we will summarize the testimony sufficiently to show the bearing of said charges. The evidence on the part of the State tended to show that appellant during the year 1894 worked for the prosecutor, P. L. White, who owned a ranch in Fisher County. In the spring of 1895 the prosecutor lost a certain black horse, five or six years old, which is described in the evidence. He recovered said horse in the year 1896. It was shown that defendant took possession of said horse, and rode it some length of time, and, while using him, rode him to New Mexico; and there was some testimony tending to show that, some time after he had been using said horse, he disposed of same to one Butler. This testimony, however, appears to have been hearsay, but, it seems, was brought out by the defendant on cross-examination, and the court refused to strike it out. Appellant showed by one Wyatt that he (appellant) came to the house of the witness, and, while there, got up off of the range, and took possession of the horse in question, stating that he was P. L. White's (prosecutor) horse, and that said White had authorized him to take him and use him. The defendant himself testified to the same effect; that he broke said horse, and, after

using him a while, he turned him loose on the range; that he afterwards told the owner about it, and got a horse from said owner and went down there to look for it, but could not find the alleged stolen horse. He stated that he did not take said horse to New Mexico, and did not sell him to said Butler. P. L. White denied that he ever gave defendant any authority to take up and use said horse. On appellant's defense as to authority from White, the court charged the jury as follows: "If you believe from the evidence that defendant took the horse in question, but that he was authorized by P. L. White to take up the said horse for the purpose of returning the same to said P. L. White, or if you have a reasonable doubt as to whether or not defendant was authorized to take up said horse, then you will acquit him." Appellant requested, in addition to said charge, the following special charge: "You are charged that unless you believe from the evidence, beyond a reasonable doubt, that at the time defendant took possession of the horse charged to have been stolen, if he ever had him in possession, and at such time of taking he did not intend to appropriate such horse to his own use, but afterwards did appropriate him to his own use, such appropriation would not be theft, under the charge; and, if you so find from the evidence, you should acquit the defendant." It is insisted by appellant that this last charge presented a phase of the case not embodied in the above-mentioned charge given by the court; that is, that the phase of the evidence suggested that although the jury might not believe that White, the owner of the horse, had authorized him to take up and use the same, yet at the time he so took up said horse without authority he did not then intend to steal him, but formed the intent to do so subsequently, and that under such circumstances the subsequent appropriation was not theft. The evidence shows by the witness, Wyatt, that at the time appellant took up said horse he then made the statement that he was authorized to do so by the prosecutor, White, and that he used said horse in the neighborhood, so far as the record discloses, openly, some time before he went off. Now, it may be true that appellant lied about the authority he had from White to take up said horse, but he may have taken him up for a mere temporary use, and did not have the intent at the time to steal him; and we believe the court should have given the requested instruction on the subject. The charge complained of, as given by the court to the jury, by which they were to test the witnesses and the testimony in the case, was as follows: "The jury are the exclusive judges of the credibility of the witnesses, and of the weight to be given to their testimony. You will also reconcile any conflicts you may find in the testimony, so as to give credit to the whole of the testimony, if you can; but, if you cannot, you may credit the whole or any part, or discredit the whole or any part, of the testimony of any of the witnesses, according as said testimony itself, or the manner of the witness in detailing the same, may impress you as being worthy or unworthy of belief. But, in determining the credibility of the witnesses, you may consider the age, intelligence, interest in the case, ap-

parent bias or prejudice, if any, and all other circumstances in the case; but the law of the case is contained in this charge, and by it you must be governed." Said charge was excepted to because the same was upon the weight of the testimony, and prejudicial to the defendant. This exact question was before this court in Adam v. State, 20 S. W. Rep., 548, and also in Cockerell v. State, 32 Tex. Crim. Rep., 585. The rule laid down in said cases to the effect that such a charge was not upon the weight of the testimony has since been followed by this court. However, inasmuch as the question is made in this case, and the same is·being insisted on in a number of cases—that is, that the court was in error in holding that such a charge was not upon the weight of the testimony—we are constrained to review said decisions and the grounds upon which they rest. Before reviewing said cases, we would observe that the general features contained in said charge came before this court in Muely v. State, 31 Tex. Crim. Rep., 155. In that case, however, in connection with the charge, the defendant, who was a witness on his own behalf, was singled out. The Adam case, supra, attempts to draw a distinction between the charge as given in the Muely case and the charge in the Adam case, because it did not single out any witness by name. The statement of facts, however, in that case was not before the court, and the court was merely treating the charge from an abstract point of view. In the Cockerell case, supra, the defendant testified, and the question was directly presented. The court does not discuss the question at all, but bases its holding on the Adam case, supra, and on Brown v. State, 2 Tex. Crim. App., 115. The charge in said last-mentioned case is similar to the one in the case before us, and supports the Cockerell case. On a critical examination of the question and the authorities bearing upon it, we believe that we were in error in holding that such a charge was not upon the weight of the testimony, and we were in error in drawing a distinction between the Muely case and the Adam case, because we believe the same principle applies to the charge in both cases, and it makes no difference whether the particular witness is named in the charge or not. We cannot improve upon the reasoning of the court used in the Muely case, and in addition thereto we will only observe that the same rule applies whether the witness be pointed out and named in the charge, or whether the charge does not in terms point out the witness by name, but states conditions that can only apply to a certain witness or witnesses. If it be improper to state to the jury that, in passing upon the testimony of a certain witness (naming him), they will consider his interest in the result, it is equally improper to state in general terms, in passing on the credit of witnesses, that they will consider the interest of the witnesses. It might be that in some cases, where interest did not appear on behalf of any of the witnesses, such a charge would not be cause for reversal; but certainly where a defendant testifies in his own behalf, and the jury are told, in passing on the credit of witnesses, to consider the interest of the witnesses, it would be ignoring the common sense of the jury to hold them incapable of making the appli-

cation.    And we hold that for a court to thus invade the province of the jury in passing on the credit of the witnesses untrammeled, and lay down tests for their government, is not only unauthorized by law, but is in direct contravention of the statute which says that the judge, in charging the jury, shall not charge upon the weight of the testimony.    This rule has been followed by our Supreme Court in civil cases in this State. See, Dwyer v. Bassett, 63 Texas, 274; Willis v. Whitsitt, 67 Texas, 673; Kellogg v. McCabe (Tex. Civ. App.), 38 S. W. Rep., 542.    As such a charge would not be permitted in a civil case, by much stronger reason is it inhibited in a criminal case.    It is accordingly held that, for the errors discussed, the judgment of the lower court is reversed and the cause remanded.

*Reversed and Remanded.*

[NOTE.—The motion for rehearing filed by the Assistant Attorney-General in behalf of the State was overruled without a written opinion.— Reporter.]