MART SHIELDS v. THE STATE.

No. 1371.  Decided March 2, 1898.

**1. Statement of Facts—Order for Filing After Adjournment—Diligence—Practice on Appeal.**

The court on appeal will consider a statement of facts where the affidavit of appellant shows due diligence to obtain and have the same filed within the ten days allowed by order of court for filing the same after adjournment.

**2. Aggravated Assault Upon a Female—Intent to Injure—Charge.**

On a trial for assault with intent to commit rape, where there was no physical injury complained of, the gravamen of the assault being, that the feelings of the prosecutrix were hurt by an indecent proposal in connection with a demonstration of defendant which caused her a sense of shame, and inasmuch as the intent to injure is essential to constitute an assault; Held, the court should have given the following instruction requested for defendant, viz.: "If the defendant took hold of the arm of the said Tex Lynn, but did so with no intent to injure her or her feeelings, and had probable ground to believe, and did believe, that such taking hold of her arm would not be objected to by her or would not be offensive to her or her feelings, then he would not be guilty of any offense, and you will acquit the defendant."

**3. Assault Upon an Unchaste Female.**

On a trial for assault with intent to rape, if it appeared that the prosecutrix was an unchaste woman who, by her conversation and conduct, had invited a proposition for carnal intercourse, the mere fact that defendant, in connection with the indecent proposal, laid his hand upon her would not constitute an assault.

**4. Conflicting Evidence—Charge of Court.**

Where the court charged the jury, "You should reconcile all conflicts in the testimony if you can, but if you can not you must decide which of the testimony is entitled to the greater credibility and weight, and in so determining you may consider the intelligence, interest, apparent bias or prejudice, if any, of witnesses as well as their means of testifying;" Held, a charge upon the weight of evidence, especially inasmuch as defendant himself testified as a witness.

APPEAL from the District Court of Palo Pinto. Tried below before Hon. J. S. STRAUGHAN.

Appeal from a conviction for aggravated assault; penalty, a fine of $200 and four months imprisonment in the county jail.

The case is sufficiently stated in the opinion.

*Albert Stevenson,* for appellant.

*Nat P. Jackson* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an aggravated assault, and fined $200; hence this appeal. Motion was made to strike out the statement of facts; but the affidavit of appellant shows the use of due diligence to have the same filed within ten days after the adjournment of court, and we consider the same.

There are but two questions necessary to be considered. The testimony on the part of the State tended to show that the prosecutrix was riding out of the town of Mineral Wells towards her home, when appellant, also riding horseback, overtook her. The parties rode together some distance, when appellant made an indecent proposition to prosecutrix, and, according to her testimony, followed it up by catching hold of her arm. She repelled the assault. Subsequently he offered her money not to tell on him. His testimony in the main accords with the testimony of prosecutrix, except as to catching hold of her arm. This he denies, and denies that he made any demonstration towards her. He admits, however, that he proposed to her to have carnal intercourse with her, and that she became indignant. He also introduced testimony tending to show that she was an unchaste woman, and that he had reason to believe that she would permit him to copulate with her, or at least would not become offended at his proposition in that regard. On this state of case, appellant asked the following charge: "If the defendant took hold of the arm of the said Tex Lynn, but did so with no intent to injure her or her feelings, and had probable ground to believe, and did believe, that such taking hold of her arm would not be objected to by her, the said Tex Lynn, or would not be offensive to her or her feelings, then he would not be guilty of any offense, and you will acquit the defendant." This charge was refused by the court. In the court's general charge there was nothing presenting this phase of the case. We think that the testimony presented on this line by the appellant, if the jury believed the same to be true, tended to show a defense. In order to constitute an assault or an assault and battery, there must be an intent to injure by the means used. Now, in this case, there was no physical injury complained of, the gravamen of the assault being that the feelings of the prosecutrix were hurt by the indecent proposal, in connection with the demonstration of appellant, which caused her a sense of shame. If she was an unchaste woman, and if, by her conversation and conduct, she had invited

the proposition, the mere fact that appellant, in connection with the indecent proposal, laid his hand upon her, would not constitute an assault. We would not be understood as holding that an indecent assault could not be made on any other than an absolutely chaste woman, but each case in this particular is dependent on its own surroundings and circumstances; and in any case where this issue is raised it should be presented to the jury by a proper charge, in order that they may intelligently pass on the fact whether or not an assault was made, and, if made, as to the amount of injury inflicted, as a criterion for assessing the penalty.

Appellant also complains of the charge of the court in instructing the jury as to how they were to pass on the credit of the witnesses. The same charge was given in this case as was given in Harrell v. State, 37 Texas Criminal Reports, 612, which we held to be upon the weight of the testimony. Appellant testified in this case, and the charge should not have been given. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*