George SLAUGHTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–90–010 CR.

Court of Appeals of Texas,
Beaumont.

May 29, 1991.

Michael A. McDougal, Conroe, for appellant.

Robert Hill Trapp, Crim. Dist. Atty., Coldspring, for State.

Before WALKER, C.J., and BROOKSHIRE, and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This appeal comes to us from the granting of an Out-of-Time Appeal to appellant by the Court of Criminal Appeals, the mandate from said order having been issued on November 28, 1989. Appellant was convicted of the first degree felony offense of Aggravated Sexual Assault. The same jury that found appellant guilty assessed his punishment at fifteen (15) years imprisonment in the Texas Department of Corrections, now the Institutional Division of the Texas Department of Criminal Justice. Appellant brings to us a single point of error, *viz*:

> The trial court committed error prejudicial to the appellant by commenting on the weight of the evidence in its charge to the jury.

Contained within the general instruction portion of the charge to the jury in the guilt/innocence phase of the trial is the following:

> In determining the credibility of a witness, you may consider any matter in evidence that has a tendency in reason to

prove or disprove the truthfulness of his/her testimony, including but not limited to the following:

His/her demeanor while testifying and the manner in which he/she testifies;

The character of his/her testimony;

The extent of his/her capacity to perceive, to recollect, or to communicate any matter about which he/she testifies;

The extent of his/her opportunity to perceive any matter about which he/she testifies;

The existence or nonexistence of a bias, interest, or other motive;

A statement previously made by him/her that is inconsistent with his/her testimony;

The existence or nonexistence of any fact testified to by him/her;

His/her attitude toward the action in which he/she testifies or toward the giving of testimony.

Appellant's counsel on appeal candidly points out in his brief that appellant's trial counsel did not object to the portion of the charge of which appellant now complains.

■ We recognize that TEX.CODE CRIM. PROC.ANN. art. 36.13 (Vernon 1981) provides, "Unless otherwise provided in this Code, the jury is the exclusive judge of the facts, but is bound to receive the law from the court and be governed thereby," and that TEX.CODE CRIM.PROC.ANN. art. 38.04 (Vernon 1979) provides:

The jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony, except where it is provided by law that proof of any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or where the law directs that a certain degree of weight is to be attached to a certain species of evidence.

It is proper for a trial court to instruct the jury that the credibility of witnesses and the weight to be given their testimony are questions within their exclusive province.

*Barrow v. State*, 71 Tex. Crim. 549, 160 S.W. 458 (App.1913). Appellant contends, however, that TEX.CODE CRIM.PROC. ANN. art. 36.14 (Vernon 1981) specifically provides, in pertinent part, that the trial court's charge to the jury should set forth *only*, "the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury." As further authority, appellant cites *Daggett v. State*, 39 Tex. Crim. 5, 44 S.W. 842 (1898); and *Shields v. State*, 39 Tex.Crim. 13, 44 S.W. 844 (1898).

■ The State's brief responds that both *Daggett* and *Shields* are founded upon the earlier case of *Harrell v. State*, 37 Tex. Crim. 612, 40 S.W. 799 (1897). The State's brief makes the following observation:

The Court in *Harrell* set forth the principle to follow in such cases:

"... it makes no difference whether the particular witness is named in the charge or not ... the same rule applies whether the witness be pointed out and named in the charge, or whether the charge does not in terms point out the witness by name, but states conditions *that can only apply to a certain witness or witnesses.* (emphasis theirs).

In reading the *Harrell* case we see that the Court of Criminal Appeals was presented with deciding the propriety of a jury instruction remarkably similar to the one in the instant case in that both are virtually neutral in content and neither singles out a particular witness nor particular pieces of evidence as the focus of the instruction. Nevertheless, the Court in *Harrell* admitted it had erred in past cases in ruling such content-neutral instructions were not comments on the weight of the evidence by trial courts. The Court in *Harrell* fully embraced the reasoning used in the case of *Muely v. State*, 31 Tex.Crim. 155, 19 S.W. 915 (1892). The Court in *Harrell* stated:

If it be improper to state to the jury that, in passing upon the testimony of a cer-

tain witness (naming him), they will consider his interest in the result, it is equally improper to state in general terms, in passing on the credit of witnesses, that they will consider the interest of the witnesses. It might be that in some cases, where interest did not appear on behalf of any of the witnesses, such a charge would not be cause for reversal; but certainly where a defendant testifies on his own behalf, and the jury are told, in passing on the credit of witnesses, to consider the interest of the witnesses, it would be ignoring the common sense of the jury to hold them incapable of making the application.

*Harrell, supra,* 40 S.W. at 801.

As the Court of Criminal Appeals appears to have wholeheartedly embraced the reasoning of the Court of Appeals in *Muely,* the following, taken from *Muely,* appears to squarely address the issue:

It could not have been intended by the lawmaking power in this state that the court should by its charge furnish to the jury tests by which to judge the credibility of the witnesses testifying before them. In the first place, in the very nature of things, the court could not well do this. The field is so wide in which the circumstances are to be gathered on which the jury are to base their opinion that the court could not conveniently cover it in a charge. Besides, our system of jury trials proceeds on the theory that jurors are men of intelligence, and that the rules of reason and common observation are known to them, which will enable them to determine the credibility of the witnesses, and the weight to be given to their testimony, and that in reference to these matters they need no instructions from the court, unless the law has given a certain weight to some fact before them, or given to it a particular bearing affecting the credibility of some witness testifying before them. But, in the second place, the legislature by a positive statute has prohibited the court from charging upon the weight of the testimony.

*Muely, supra,* 19 S.W. at 916. *Muely* also provided that the law in effect at the time stated:

[T]he jury are the exclusive judges of the weight of the testimony and the credibility of the witnesses, and no interference by the court with the prerogative of the jury in these respects can be allowed.

*Muely, supra,* 19 S.W. at 916.

Possibly the most interesting aspect of both *Harrell* and *Muely,* not to mention *Daggett* and *Shields* is that, from all appearances, they are all still good law. In fact, both *Harrell* and *Shields* are cited as authority in *Salamy v. State,* 117 Tex. Crim. 465, 37 S.W.2d 1028 (1931), which condemned the following jury charge language:

The court charges and instructs the jury that they are the sole judges of the facts in the case and the weight and credibility of the testimony given by any witness, either for the state or defense, and that they may take into consideration their interests, surroundings, or any other fact which would influence said witness in giving such testimony, either for the state or for the defense.

*Salamy, supra,* 37 S.W.2d at 1029. On this point, *Salamy* itself is also still good law. It appears that such explanations and expansions of the general instruction provided for by both art. 36.13 and art. 38.04 are impermissible. Therefore, in the instant case, we hold that it was error for the trial court to have included the portion of the charge complained of on appeal. We are now required to consider the error in light of guidelines provided by *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984).

The standard of review set out in *Almanza* for unobjected to or improperly objected to error at trial is that reversal will be in order only if the error is so egregious and created such harm that appellant has not had a fair and impartial trial. *Almanza, supra* at 171. In reviewing the record for a determination of such harm, we examine the entire jury charge,

the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. *Almanza, supra* at 171. Recall that the erroneous portion of the jury instruction contained a list of various factors for the jury to use in order to help them determine the credibility of the various witnesses. The factors included demeanor of a witness, the character of the testimony, the capacity of a witness to perceive, recollect, or communicate matters during testimony, the presence or absence of bias, interest, or other motive of a witness, prior inconsistent statements, existence or nonexistence of facts testified to, and the attitudes of the witnesses toward the case or to having to testify.

In examining the statement of facts in order to determine whether any of these factors deprived appellant of a fair and impartial trial, we note that the State called seven people to the witness stand. These included the juvenile victim, both parents of the victim, the doctor who examined the victim, a social worker who interviewed the victim, and two sheriff's deputies who investigated the incident. Appellant does not complain of the sufficiency of the evidence that convicted him. Appellant took the witness stand in his defense. The essence of appellant's testimony was that he had never seen the victim or her father prior to the beginning of the trial and that he had no idea how or why the victim would accuse him of sexually assaulting her. The victim and her father had already testified that they had met appellant and appellant's wife for the first time at Browder's Beach the day of the incident. The victim testified that the sexual assault occurred after dark while her father and appellant's wife were gone to purchase beer. Both the victim and her father positively identified appellant in court as the man they met that day, almost one year prior to trial, and both testified as to knowing the first name of appellant's wife, and that appellant owned a large air mattress used by the victim on

the day of the incident. Other than the justice of the peace who issued the warrant for appellant's arrest, appellant called no other witnesses in his defense.

A second defense tactic was the attempt to highlight the discrepancies in the testimony of the witnesses for the State with regard to the exact dates in June of 1984 when the incident occurred, when the incident was reported to the sheriff's department, when the victim was examined by the doctor, when the victim's father called the victim's mother, when the victim's mother arrived on the scene, etc. To what degree of effectiveness this line of defense had we will never know. We frankly feel, however, that, truthful or not, appellant's own testimony caused him more harm than the erroneous language in the jury instructions ever could. The testimony of the victim and her father was quite detailed as to their activities both before and after meeting appellant and his wife by chance. Appellant, on the other hand, first testified that he had never before seen the victim or her father prior to the start of the trial, and that he (appellant) did not even recall being at Browder Beach (the site of the incident) on June 25 (the alleged offense date).

In examining the State's closing arguments, it is evident that the State did highlight portions of the erroneous instructions to the jury. The State did, however, remain neutral in this regard and did not refer to a specific witness, nor to specific testimony in the context of the erroneous credibility factors. Both sides properly summarized the evidence and made reasonable deductions from the evidence. In looking at the jury charge itself, the erroneous language is located on the fourth of five pages of the charge not including the verdict form. The erroneous portion is not highlighted, nor is the typing set apart from the rest of the instructions so as to call any special attention to it in any way. Eight paragraphs of what might be described as "admonishing" instructions followed the erroneous portion of the charge.

These paragraphs instructed the jury not to consider statements of counsel as evidence, not to speculate as to possible answers to questions having sustained objections, not to consider any evidence that had been offered but rejected or stricken by the trial court, and not to speculate as true any insinuations suggested by questions to witnesses. Included on this last page of instructions were paragraphs dealing with the presumption of innocence, that all elements of an offense must be proven beyond a reasonable doubt before a person may be convicted, that the burden of such proof is on the State and never shifts to the defendant, and if reasonable doubt exists, the defendant "will" be acquitted and found "not guilty."

Taking all of the above circumstances into consideration, we find that only an unreasonable jury would have focused exclusively on the erroneous portion of the jury instructions to the total or significant disregard of the rest of the correctly worded language in applying it to the testimony presented to them. *See, DeBlanc v. State*, 799 S.W.2d 701, 710–711 (Tex.Crim.App. 1990). Moreover, the nature and tenor of the testimony from the State, and to some extent from appellant himself, in support of the verdict was cogent and overwhelming. *See, Davis v. State*, 28 Tex.App. 542, 13 S.W. 994, 995 (1890), *writ of error dism'd*, 139 U.S. 651, 11 S.Ct. 675, 35 L.Ed. 300 (1891). We hold, therefore, that any error from the inclusion of the portion of the jury instructions complained of by appellant is not egregious and did not deprive appellant of a fair and impartial trial. Point of error number one is overruled.

Having found the error in the trial court's charge not to be fundamental, we affirm the judgment and sentence of the trial court.

AFFIRMED.