

# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ANTHONY DEAN SNARE, Appellant

No. 05-95-01268-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 2 of Dallas County, Texas. (Tr.Ct.No. F94-60039-TI).

Opinion delivered by Justice Chapman, Justices Morris and Hankinson participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 28, 1997.

_____
RON CHAPMAN
JUSTICE

**AFFIRM** and Opinion Filed February 28, 1997



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-95-01268-CR

### ANTHONY DEAN SNARE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F94-60039-TI**

# O P I N I O N

Before Justices Chapman, Morris, and Hankinson
Opinion By Justice Chapman

Appellant appeals his jury conviction for aggravated robbery. The jury assessed

punishment, enhanced by two prior felony convictions, at fifty years' confinement. In his

sole point of error, appellant contends he received ineffective assistance of counsel. We

affirm.

Appellant contends his trial counsel was ineffective and that counsel's ineffectiveness

caused the jury to assess a greater sentence. Appellant complains of errors during voir dire and errors during punishment.

The proper standard of review to measure counsel's ineffectiveness during voir dire is that set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Chambers v. State*, 903 S.W.2d 21, 36 (Tex. Crim. App. 1995). Under this standard, an appellant must first establish that his counsel's representation fell below an objective standard of reasonableness. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Hernandez*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). The appellant must then show a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. *Jackson*, 877 S.W.2d at 771; *Hernandez*, 726 S.W.2d at 55.

The proper standard to review counsel's performance during punishment, however, is the standard set forth in *Ex parte Duffy*, 607 S.W.2d 507 (Tex. Crim. App. 1980). *See Ex parte Walker*, 794 S.W.2d 36, 37 (Tex. Crim. App. 1990). We determine whether counsel was reasonably likely to render effective assistance and whether counsel actually rendered reasonably effective assistance. *Craig v. State*, 825 S.W.2d 128, 130 (Tex. Crim. App. 1992).

Several considerations are applicable to both standards. Under either standard, we view the totality of counsel's representation and do not judge counsel's performance in hindsight. *Ex parte Felton*, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991); *Davis v. State*, 831 S.W.2d 839, 843 (Tex. App.--Dallas 1992, pet. ref'd); *Ybarra v. State*, 890 S.W.2d 98, 111 (Tex. App.--San Antonio 1994, pet. ref'd). Both standards require the appellant to prove

ineffective assistance of counsel by a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). Further, the record must support a claim of ineffective assistance. *See Johnson v. State*, 691 S.W.2d 619, 627 (Tex. Crim. App. 1984), *cert. denied*, 474 U.S. 865 (1985). Finally, we are not permitted to inquire into trial strategy unless no possible basis exists in strategy or tactics for trial counsel's actions. *Johnson v. State*, 614 S.W.2d 148, 152 (Tex. Crim. App. [Panel Op.] 1981); *Weeks v. State*, 894 S.W.2d 390, 391 (Tex. App.--Dallas 1994, no pet.).

Appellant pleaded not guilty to aggravated robbery. After hearing evidence on guilt-innocence, the jury found appellant guilty of the offense. Appellant testified at punishment and admitted he committed the offense. The jury assessed punishment at fifty years' confinement.

Appellant contends counsel was ineffective during voir dire because counsel questioned the venire on issues concerning guilt-innocence. Specifically, counsel asked questions concerning the credibility of police officers and the burden of proof. According to appellant, these questions would alienate the jury because he was "obviously guilty" and would admit he was guilty in the punishment phase. Appellant asks that we judge counsel's performance in hindsight, which we are not permitted to do. *See Felton*, 815 S.W.2d at 735. Further, appellant chose to plead not guilty and have the jury determine guilt-innocence. We cannot, therefore, conclude counsel was ineffective for questioning the venire on issues concerning guilt-innocence.

Appellant next complains that his trial attorney did not question the venire on punishment issues. The trial court did, however, question the venire concerning their ability to consider the full range of punishment. Thereafter, the trial court granted five of counsel's strikes for cause against venirepersons who could not consider the minimum punishment. Appellant nevertheless maintains counsel should have argued issues which the venire might consider in mitigation of punishment. The record, however, is silent with respect to counsel's reasons for not questioning the venire on mitigation issues. *See Jackson v. State*, 877 S.W.2d at 771. We cannot conclude there is no plausible basis for counsel's actions.[1] *See Weeks*, 894 S.W.2d at 392.

Appellant also asserts that reasonably effective counsel would have pleaded him guilty before the jury. However, the decision to plead guilty or not guilty is the personal decision of the accused. *Jackson v. State*, 766 S.W.2d 504, 508 (Tex. Crim. App. 1985); *Ramer v. State*, 714 S.W.2d 44, 46 (Tex. App.--Dallas, pet. ref'd). Appellant has neither asserted, nor shown, that counsel advised him to plead not guilty.

Finally, appellant contends counsel was ineffective for failing to investigate the facts and failing to interview witnesses. He asserts counsel failed to discover appellant had a drug problem and a difficult childhood. The record is silent with respect to counsel's preparation for trial. The record likewise does not show counsel was not aware that appellant used

---

[1] Counsel may, for example, have decided not to question the venire on mitigation issues to avoid any suggestion that counsel believed his client was guilty.

drugs and had a difficult childhood. Evidence was, in fact, presented at punishment showing that appellant's father was "tyrannical" and that appellant used drugs. Although counsel did not focus on this evidence, counsel's punishment argument shows it was her strategy to stress that appellant had admitted his guilt and did not make excuses for his actions. We conclude appellant has not met his burden to show counsel was ineffective. *See Runnels v. State*, 860 S.W.2d 545, 547 (Tex. App.--Beaumont 1993, pet. ref'd). Accordingly, we overrule appellant's sole point of error and affirm the trial court's judgment.



RON CHAPMAN
JUSTICE


Do Not Publish
Tex. R. App. P. 90
951268F.U05

-5-

CHIEF JUSTICE
  LINDA THOMAS
JUSTICES
  SUE LAGARDE
  ED KINKEADE
  JOHN OVARD
  FRANCES MALONEY
  RON CHAPMAN
  JOSEPH B. MORRIS
  MARK WHITTINGTON
  TOM JAMES
  CAROLYN WRIGHT
  DEBORAH G. HANKINSON
  JIM MOSELEY
  DAVID BRIDGES



## Court of Appeals
## Fifth District of Texas at Dallas

GEORGE L. ALLEN SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4658
(214) 712-3400

DAVID PAGAN
BUSINESS ADMINISTRATOR
(214) 712-3434


LISA ROMBOK
CLERK OF THE COURT
(214) 712-3450


FACSIMILE
(214) 745-1083

May 22, 1997

R. D. Rucker
Attorney at Law
P.O. Box 222167
Dallas, TX   75222-2167

April E. Smith
Assistant District Attorney
Frank Crowley Courts Building
133 North Industrial Blvd., LB-19
Dallas, TX   75207

RE:     Court of Appeals Number:   05-95-01268-CR
        Trial Court Case Number:    F94-60039-TI

Style:   Snare, Anthony Dean
         v.
         The State of Texas

Dear Counsel:

Pursuant to Rule 86 of the Texas Rules of Appellate Procedure, this Court has this day issued a Mandate in accordance with the Judgment and delivered it to the Clerk of the Trial Court.


                    Respectfully Yours,
                    Lisa Rombok
                    Clerk of the Court

                    Stephanie Hughes