NO.
12-05-00358-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

JOHNNY FRANKLIN LEE,            §          APPEAL
FROM THE 159TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          ANGELINA
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Johnny
Franklin Lee appeals his conviction for murder. 
In six issues, he argues that the trial court should have denied the
State’s motion to try him with a codefendant, the evidence was insufficient to
sustain his conviction, and the trial court erred in not giving jury
instructions he requested.  We affirm. 

 

Background

            Johnny
Lee and his wife, Rebecca, lived together with Rebecca’s two daughters.  Appellant had been to prison several times
and supported the family by manufacturing methamphetamine and selling it.  On May 9, 2003, Appellant and Rebecca killed
Candice by injecting her with a large quantity of methamphetamine.  According to the medical examiner, Candice, a
slight fifteen year old girl, had enough amphetamine and methamphetamine in her
system to kill four 150 pound men.  She
also had a minor wound to her arm where the drugs were injected and finger
shaped marks near the injection point that were consistent with her arm being
held forcibly.  She also had numerous
scrapes, cuts, and bruises, although none of them were life threatening
injuries.  








            Elton
Reece is a drug user, and he testified that he went to the Lee home early in
the morning on May 9, 2003 to buy methamphetamine.  He heard fighting or commotion in a back bedroom,
and then saw Candice run out of the bedroom and out of the house.  Appellant and Rebecca chased her, and Candice
tried to hide under a truck.  Appellant
pulled her from under the truck and took her back to the back bedroom.  After a short time, Appellant emerged and
told Elton that he thought Candice was dead. 
Rebecca emerged and said that she told Johnny it was “too much,” and
Appellant responded, “I didn’t mean to.”

            Hours
later, Rebecca called the police and reported that Appellant had found Candice
under a truck outside the home, that they had brought her inside, and that
Candice was dead.  At trial, two of
Rebecca’s acquaintances testified that she had admitted injecting Candice with
methamphetamine the night she died, and one witness said Rebecca showed her the
puncture mark on Candice’s arm at her funeral service.  The funeral service was conducted before the
autopsy and before the cause of death was known to law enforcement.  Appellant’s defense at trial was that he had
gone to sleep the evening of May 8, 2003 and had nothing to do with Candice’s
death.  The jury disbelieved him, found
Appellant guilty as charged, and assessed punishment at imprisonment for
life.  This appeal followed.

Severance

            In
his first issue, Appellant asserts that the trial court erred when it granted
the State’s motion to join his trial with Rebecca Lee’s trial.  

Applicable Law and Analysis

            Article 36.09 of the Texas Code of
Criminal Procedure provides that a court is to sever the trial of two
codefendants if there is prejudice to one of them from the joinder.  Tex.
Code Crim. Proc. Ann. art. 36.09 (Vernon 2006); see also Qualley
v. State, 206 S.W.3d 624, 636 (Tex. Crim. App. 2006).  In his brief, Appellant argues that he was
prejudiced because Rebecca’s attorney said that the two had done a bad job of
getting their stories straight, and that he was prejudiced by an outburst by
Rebecca during the trial.  

            Neither
of these events prejudiced Appellant. 
With respect to counsel’s statement, it was essentially an argument that
they would have gotten their stories together better if they were lying.  Appellant admitted that he had made
inaccurate statements to the police, maintaining that he told the truth on the
witness stand.[1]  Rebecca’s
counsel’s statements were not an attack against Appellant, but rather a
recognition that some aspects of their stories to the police differed from
their testimony at trial.

            With
respect to Rebecca’s outbursts, Johnny testified at the motion for new trial
hearing that she began to cry when the pictures of Candice were displayed and
that she said something out loud at the end of the trial.[2]  To preserve a complaint about a joint trial,
there must be a timely and specific objection. 
See Zunker v. State, 177 S.W.3d 72, 78 (Tex. App.–Houston
[1st Dist.] 2005, pet. ref’d).  Prior to
trial, Appellant objected to the joint trial, claiming that he might be
prejudiced if Rebecca launched an antagonistic defense.  He never asked for a severance on the grounds
of Rebecca’s outbursts and never obtained an adverse ruling on that
question.  Therefore, this portion of the
complaint is waived.  

            Even
if Appellant had preserved a complaint, he has not shown prejudice.  Generally, when two defendants are jointly
indicted for the same offense, they should be tried jointly.  Dickerson v. State, 87 S.W.3d 632,
639 (Tex. App.–San Antonio 2002, no pet.). 
However, the trial court may order separate trials, at its
discretion.  Tex. Code Crim. Proc. Ann. art. 36.09.  When discussing prejudice in joint trials
from antagonistic defenses, the Texas Court of Criminal Appeals stated that to
establish prejudice, the defendant must show a serious risk that a specific
trial right would be compromised by a joint trial, or that a joint trial would
prevent the jury from making a reliable judgment about guilt or innocence, and
that the problem could not be adequately addressed by lesser curative measures,
such as a limiting instruction.  Qualley,
206 S.W.3d at 636.  This case does not
involve antagonistic defenses, and there is no showing that either of the core
kinds of prejudice described in Qualley are present here.  Appellant has identified no core trial right
that has been compromised, nor do we perceive a lack of reliability from the
joint trial.  Rebecca’s statements were disrespectful,
but came at the end of a long trial.  We
fail to see how her intemperance prejudiced Appellant.  Her reaction to the photographs, assuming it
happened, is understandable.  We have
reviewed the photographs.  They are
unpleasant.  In our view, however, a
natural emotional response to those photographs is not something that would
prejudice Appellant in this matter.  

            The
two defenses were not antagonistic—if anything they supported each other—and
Appellant has failed to show that he suffered prejudice from the joint
trial.  We overrule Appellant’s first
issue.  

Sufficiency
of the Evidence

            In
his second, third, fourth, and fifth issues, Appellant argues that the evidence
is insufficient to support his conviction. 
Specifically, Appellant argues that the trial court should have granted
his motion for a directed verdict at the close of the State’s case, that the
accomplice testimony was not corroborated, and that the evidence was legally
and factually insufficient to support his conviction.

Standards of Review

            The
due process guarantee of the Fourteenth Amendment requires that a conviction be
supported by legally sufficient evidence. 
See Jackson v. Virginia, 443 U.S. 307, 315–16, 99
S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); Ross v. State, 133
S.W.3d 618, 620 (Tex. Crim. App. 2004); Willis v. State, 192
S.W.3d 585, 592 (Tex. App.–Tyler 2006, pet. ref’d).  Evidence is not legally sufficient if, when
viewing the evidence in a light most favorable to the verdict, no rational
trier of fact could have found the essential elements of the offense beyond a
reasonable doubt.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; see also Johnson v. State,
871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

            While
legal sufficiency review is all that is required by the U.S. Constitution, the
Texas Court of Criminal Appeals has determined that the Texas Constitution
requires further review of the factual sufficiency of the evidence.  Clewis v. State, 922 S.W.2d
126, 129–30 (Tex. Crim. App. 1996).  We
review the factual sufficiency of the evidence without the light most favorable
to the verdict, and we determine whether the evidence supporting the verdict is
so obviously weak as to undermine our confidence in the jury’s determination,
or the proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof.  Johnson v.
State, 23, S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Watson
v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006) (Evidence is
factually insufficient only when reviewing court objectively concludes that the
great weight and preponderance of the evidence contradicts the jury’s
verdict.).

            Under
either standard, our role is that of appellate review, and the fact finder is
the sole judge of the weight and credibility of a witness’s testimony.  Wesbrook v. State, 29 S.W.3d 103, 111–12
(Tex. Crim. App. 2000).  The fact finder
may choose to believe all, some, or none of a witness’s testimony.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).

            The
sufficiency of the evidence is measured against the offense as defined by a
hypothetically correct jury charge.  See
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  A hypothetically correct jury charge “accurately
sets out the law, is authorized by the indictment, does not unnecessarily
increase the State’s burden of proof or unnecessarily restrict the State’s
theories of liability, and adequately describes the particular offense for
which the defendant is tried.”  Id.

            As
alleged in the amended indictment, the State was required to prove that
Appellant intentionally or knowingly committed an act clearly dangerous to
human life by injecting Candice Alexander with an excessive amount of
methamphetamine, causing the death of Candice Alexander, that he did so in the
course of committing the felony offense of delivery of methamphetamine to a
minor, and that the death was caused in the course of and in furtherance of the
commission of the felony.  See Tex. Pen. Code Ann. §§ 19.02 (b)(2),
(3) (Vernon 2006).  A deadly weapon is a
firearm or anything manifestly designed, made, or adapted for the purpose of
inflicting death or serious bodily injury, or anything that in the manner of
its use or intended use is capable of causing death or serious bodily injury.  Tex.
Pen. Code Ann. § 1.07(a)(17) (Vernon 2006).

            A
challenge to the denial of a motion for instructed verdict is a challenge to
the legal sufficiency of the evidence.  McDuff
v. State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997); Cook v.
State, 858 S.W.2d 467, 470 (Tex. Crim. App. 1993).  We consider all of the evidence for purposes
of this review.  Cook, 858
S.W.2d at 470.  

            A
conviction may not be sustained on the testimony of an accomplice unless there
is other evidence “tending to connect a defendant to the offense committed.”  Tex.
Code Crim. Proc. Ann. 38.14 (Vernon 2006); Simpson v. State,
181 S.W.3d 743, 753 (Tex. App.–Tyler 2005, pet. ref’d).  The corroborating evidence need not directly
connect the defendant to the crime or be sufficient by itself to establish
guilt, but it must do more than merely show the commission of the offense.  Tex.
Code Crim. Proc. Ann. 38.14.  The
corroboration requirement is fulfilled if the combined weight of the
nonaccomplice evidence tends to connect the defendant to the offense.  Cathey v. State, 992 S.W.2d
460, 462 (Tex. Crim. App. 1999).  The
corroborating evidence may consist of circumstantial evidence.  Gosch v. State, 829 S.W.2d 775,
777 (Tex. Crim. App. 1991).  

            To
evaluate whether there is sufficient corroborating evidence, we eliminate the
accomplice testimony from our consideration and examine the record to ascertain
whether the remaining evidence tends to connect the defendant with the
offense.  McDuff, 939
S.W.2d at 612.  The accomplice witness
rule is a statutorily imposed sufficiency review and is not derived from
federal or state constitutional principles that are the basis for the legal and
factual sufficiency standards.  Vasquez
v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).

Analysis–Identity

            Appellant
first argues that the trial court should have granted a directed verdict
because he was not identified by any of the witnesses during the trial.  The State disagrees, pointing to one witness
who identified Appellant, and argues that identity was not an issue in this
case.  A defendant is not required to
specifically contest an issue beyond a plea of not guilty to require the State
to prove every element of an offense. 
There was, however, evidence of identity in this case.  One witness identified Appellant, and a
videotape of Appellant’s statement to the police was played[3] for the jury.

            The
court of criminal appeals has held that in cases where an in–court
identification is incomplete, a reviewing court need not presume that the jury
chose “wilfully to convict [Appellant] without evidence” that he was the
perpetrator of the offense.  See Rohlfing
v. State, 612 S.W.2d 598, 601 (Tex. Crim. App. 1981).  To resolve this matter, however, we need not
rely on a presumption.  Our review
encompasses the entire trial, including Appellant’s case in chief.  See Cook, 858 S.W.2d at
470.  Appellant testified during his case
in chief and identified himself.  It is
clear that he was the same Johnny Lee whose stepdaughter was killed and who was
at the residence before and after she was killed.  The evidence was legally sufficient to prove
that the Johnny Lee named in the indictment and was the same Johnny Lee who was
on trial.

 

Analysis–Corroboration of Accomplice
Testimony

            Elton
Reece was also charged with Candice’s murder and therefore was an accomplice as
a matter of law.  See Burns
v. State, 703 S.W.2d 649, 651 (Tex. Crim. App. 1985).  He testified that he was present in the home
when Candice was killed.  Reece testified
that there was a commotion in a bedroom in Appellant’s home, that Candice ran
out of the room, out of the trailer, and tried to hide under a truck outside
the house.  Reece testified that Johnny
pulled her out from under the truck and took her back inside.  Appellant and Johnny took Candice to a back
room.  Reece testified that Johnny and
Appellant emerged a short time later and said Candice was dead.  

            Setting
aside Reece’s testimony, there is substantial evidence that links Appellant to
the murder.  First, the cause of Candice’s
death was an overdose of methamphetamine. 
Shortly after Candice’s death, Appellant told at least one witness that
Candice had died of a drug overdose. 
Another witness testified that Rebecca told her Candice had died of a
methamphetamine overdose and, at the funeral service for Candice, told her to
look at Candice’s arm.  Each of these
events occurred before the toxicology report was available concluding that
Candice died of an overdose of methamphetamine. 
Further, Appellant was asked by Candice’s sister if he had killed
her.  He did not deny it, but made a
vague statement that there had been a time when he would have “killed anyone
who laid a hand on one of you girls.” 
Finally, while denying killing his stepdaughter, Appellant testified
that he was present in the home before she died, that there were dogs at the
house that would have barked at strangers, and that he was the one who found
the body.  The evidence other than Reece’s
testimony is sufficient to link Appellant to the murder.

Analysis–Legal and Factual
Sufficiency

            With
respect to the legal sufficiency of the evidence, Appellant argues only that it
was not proven that he was the same Johnny Lee who was indicted.  We have previously considered this  argument and hold that there was sufficient
evidence, including Appellant’s testimony, to prove that he was the Johnny Lee
referred to in the indictment and to whom the witnesses were referring when
they testified.  

            Appellant
argues that the evidence is factually insufficient to support the verdict.  Specifically he argues that another of
Appellant’s daughters was present in the trailer and would have awoken had the
assault happened the way Reece testified, that Reece’s testimony was unreliable
generally, and that the evidence was insufficient to overcome Appellant’s
testimony that he was asleep when Candice was murdered.  This is primarily an argument about the
weight to be given to Reece’s and Appellant’s testimony.  The jury determines the weight to be given
the testimony and is the arbiter of credibility.  Wesbrook, 29 S.W.3d at 111–12.  The jury’s decision to credit Reece’s
testimony and not Appellant’s is not unreasonable.  The testimony of Elton Reece and the medical
examiner, if believed, is sufficient to support the verdict.  When we consider this testimony along with
Appellant’s statements to other witnesses and the remainder of the evidence, we
conclude that the evidence that supports the verdict is neither inadequate,
standing alone, to support the verdict; nor is it outweighed by the great
weight and preponderance of the evidence. 
We overrule Appellant’s second, third, fourth, and fifth issues.

 

Jury
Instructions

            In
his sixth issue, Appellant contends that the trial court erred when it declined
to give several jury instructions he requested. 
The instructions requested by Appellant would have invited the jury to
examine the testimony of drug addicts, informants, and those testifying under
immunity from prosecution with “greater care” or “greater care and caution”
than the testimony of an ordinary witness.[4]  

            A
trial court is required to instruct the jury on the “law applicable to the
case,” and it is error for a trial court to refuse to do so.  Tex.
Code Crim. Proc. Ann. art. 36.14 (Vernon 2006); Huizar v. State,
12 S.W.3d 479, 484 (Tex. Crim. App. 2000). 
Appellant has cited no Texas authority—other than a bare citation to
several sections of article I of the Texas Constitution—for the type of
instructions he requested and asserts, again without citation, that these instructions
are derived from jury instructions used in the federal courts in the Fifth
Circuit.  See, e.g.,
United States v. Abrego, 141 F.3d 142, 153 (5th Cir. 1998).  Although not precisely denominated as such,
we will construe this argument as a good faith argument for an extension,
modification, or reversal of existing law. 

            Existing
law forbids the instruction Appellant sought. 
The court of criminal appeals has acknowledged that “[i]t has long been
held that it is reversible error for the trial court to give instructions that
refer to the credibility of the witnesses.” 
Russell v. State, 749 S.W.2d 77, 78 (Tex. Crim. App.
1988).  We have held that a credibility
instruction need not be given when a child witness testifies, Norman v.
State, 862 S.W.2d 621, 628 (Tex. App.–Tyler 1993, pet. denied), and
several courts of appeals have considered instructions similar to those
proposed here and held that a trial court need not give them.  See Reyes v. State, 694 S.W.2d
556, 566–67 (Tex. App.–Corpus Christi 1985), reformed on other grounds and
aff’d, 741 S.W.2d 414 (Tex. Crim. App. 1987); Conway v. State,
740 S.W.2d 559, 562 (Tex. App.–Beaumont 1987, pet. ref’d).  

            In
Slaughter v. State, 809 S.W.2d 949, 951–52 (Tex. App.–Beaumont
1991, no pet.), the court of appeals traced the law regarding jury instructions
relating to the credibility of witnesses back more than one hundred years and
concluded that such instructions were improper and contrary to Texas law.  The court in Slaughter noted
that, by statute, the jury is the exclusive judge of the weight to be given to
testimony and the trial court is forbidden to express an opinion on the weight
of the evidence.  Id.
(citing Tex. Code Crim. Proc. Ann.
arts. 38.04, 36.14).  The instructions
requested by Appellant cannot be given because they are a form of comment on
the weight of a witness’s testimony.  Id.
(quoting Muely v. State, 31 Tex. Crim. 155, 19 S.W. 915 (1892) (“The
jury are the exclusive judges of the weight of the testimony and the
credibility of the witnesses, and no interference by the court with the
prerogative of the jury in these respects can be allowed.”)); see also Russell,
749 S.W.2d at 78 (“Certainly a comment on the weight of the evidence occurs
when the judge appraises the credibility of a particular witness. Thus when a
judge, in his charge to the jury, suggests that certain evidence is true or is
untrue, that is a comment on the weight of the evidence.”). 

            Appellant
argues that reversible error occurred because the jury was not informed to be
skeptical of the testimony of drug addicts, those he has called “informants,”
and those who had criminal cases pending. 
Appellant’s argument does not persuade us to depart from established
precedent.  The crucible of cross
examination burns hot enough to allow sufficient probing of a witness who may
use drugs, if the evidence is admissible, or who is facing criminal
charges.  We are not persuaded, even if
Texas law allowed it, that a jury needs to be specifically reminded to be
skeptical of the testimony of witnesses with these issues.  Nor are we persuaded that the Texas or the
U.S. constitutions require such instructions. 
It has long been the law in Texas that the trial court may not make a
comment on the weight of the evidence. 
This conclusion is rooted in our desire that factual determinations in
criminal cases, including assessments of credibility, be made by jurors with as
little judicial interference as possible. 
The trial court’s responsibility to read the law to the jury does not
include offering suggestions about how to assess credibility.  We overrule Appellant’s sixth issue.

Disposition

            We
affirm the judgment of the trial court.

 

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered February 9, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)

 

 

 

 











[1] In response to a question from the district attorney,
Appellant said, “Sir [,] I know that I told a big wad of stuff here.”  When asked by his attorney to clarify what he
meant, Appellant said, “Well, it’s the stuff that I told before, is what I was
talking about.  This stuff I’m telling
you–all today is the truth as I remember it and as I know.”





[2] Near the end of his summation during the
punishment phase of the trial, the prosecutor said “. . . . after today, there
will be nothing left to do for Candice Alexander but to put flowers on her
grave.”  Rebecca responded by saying, “Oh,
bull.”  Moments later she said, “That’s
okay. God will get him. Sure will.”  The
last statement appears to refer to the district attorney.





[3] We do not doubt that the videotape was
persuasive evidence of identity, but on appeal we cannot compare an image on
the videotape to the person at trial because we were not present at trial.





[4] As required by law, the trial court instructed
the jury that Elton Reece was an accomplice and that if an offense was
committed, the jury could not consider Reece’s testimony unless it found his
testimony to be true and corroborated by other evidence tending to connect
Appellant to the charged offense.  See
Herron v. State, 86 S.W.3d 621, 631–32 (Tex. Crim. App. 2002).